UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HILLAND M. KETEN,

                Plaintiff,

-against-

HONORABLE ANTHONY LOPEZ;
CORPORATION COUNSEL,

                Defendants.

20-CV-1626 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action invoking the federal question statute, 28 U.S.C. § 1331. He alleges that during child support proceedings in Bronx County Family Court, Defendant Justice Anthony Lopez directed Plaintiff to submit financial statements regarding his social security disability. By order dated April 8, 2020, Chief Judge Colleen McMahon granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court dismisses the complaint

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this complaint challenging the collection of child support arrears by the New York City Office of Child Support Enforcement (Enforcement Office). Plaintiff argues that (1) he was not responsible for the $15,000 in arrears because of his disability, and that (2) the presiding judge in the child support proceedings, Defendant Judge Anthony Lopez, stated on the

record that Plaintiff would pay only $500, at most.[1] Despite this ruling on the record, Plaintiff contends, the Enforcement Office collected the $15,000.

The following facts are taken from the complaint: from February 2017 to February 7, 2018, Plaintiff appeared at his child support proceedings where he "was misinformed about the taking of [his social security disability] to pay child support." (ECF No. 2, at 5.) Plaintiff alleges that each time he appeared in court, he informed Judge Lopez that "the amount is not right because [he was] disabled." (*Id.*) On February 7, 2018, Judge Lopez informed Plaintiff that the arrears would not exceed 500 [dollars]." (*Id.*) But when Plaintiff "visit[ed] the enforcement part of . . . child support they [informed him that] they only go by what the judge put in [the decision]." (*Id.*) Despite the ruling on the record, the Enforcement Office collected the money within five days, "not giving enough time . . . to take the appropriate action [because] there is a time frame [for the] arrear collection." (*Id.*)

In addition to Judge Lopez, Plaintiff sues "Corporation Counsel," who appeared during the child support proceedings as a representative of the Enforcement Office. Plaintiff seeks money damages in the amount of $777,777.

### DISCUSSION

**A.    42 U.S.C. § 1983**

Because the complaint concerns conduct by government actors, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was

---

[1] Plaintiff attaches to the complaint a partial transcript of the proceeding where Judge Lopez indicated that Plaintiff would not be responsible for the outstanding arrears, except for in the amount of $500 or less. (ECF No. 2, at 8-10.)

violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**B.     Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Here, Plaintiff's claims against Defendant Lopez is based on actions within the scope of his judicial conduct. Therefore, these claims are dismissed under the doctrine of judicial immunity as frivolous. *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (holding that "[a]ny claim dismissed on the ground of absolute judicial immunity is 'frivolous'").

### C.      Government Attorney Immunity

"As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the [government] in a way that is intimately associated with the judicial process." *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) (citing *Imbler*, 424 U.S. at 430). This general principle has been expanded to include "the functions of a government attorney 'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation' in civil suits—including the defense of such actions." *Id.* (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)).

Here, Plaintiff's claims against "Corporation Counsel" are based on actions within the scope of the government attorney's official duties and associated with the judicial process and conduct of litigation, within the scope of representing the Enforcement Office. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(b)(iii).

### D.      Due Process

Because Plaintiff asserts that the Enforcement Office wrongfully collected his money, the Court construes these allegations as asserting a procedural due process claim. "The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest . . . and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)). Where the government deprives a plaintiff of a protected interest pursuant to an established procedure,[2] due process generally requires some

---

[2] Conduct is undertaken in accordance with established state procedures when, for example, it is "pursuant to a statute, code, regulation, or custom" or is the result of a decision made by a high-ranking official with "final authority over significant matters." *See Viteritti v.*

form of hearing before the government finally deprives the individual of the property interest. *See Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011).

By contrast, a government agent's random and unauthorized act does not violate due process if a meaningful post-deprivation remedy is available; when the government cannot predict precisely when the loss will occur, it would be impossible to provide a meaningful hearing *before* the deprivation. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 220-31 (1986); *see also Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996) ("[T]here *is no* constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty.").

In New York, a child support debtor is entitled to the post-judgment remedies outlined in Section 52 of the New York Civil Practice Law and Rules (CPLR).[3] For example, when a support collection unit (SCU) issues an execution for enforcement of current support or arrears, but there is "an error in the amount" purportedly owed, the debtor may assert that error as a "mistake of fact" and "shall have an opportunity to make a submission in support of the objection within fifteen days from service of a copy" of the execution. *See* N.Y. C.P.L.R. § 5241(a)(8) & (e). The appropriate agency rules on the objection and "notif[ies] the debtor of its determination within 45 days." N.Y. C.P.L.R. § 5241(e). If the agency does not agree with the debtor's objection, the debtor may file an Article 78 proceeding in state court to have the state

---

*Inc. Vill. of Bayville*, 918 F. Supp. 2d 126, 134 (E.D.N.Y. 2013) (citing *Chase Grp. Alliance LLC v. City of New York Dep't of Fin.,* 620 F.3d 146, 152 n.3 (2d Cir. 2010)).

[3] The city, state, and federal statutory and regulatory scheme governing child support enforcement is discussed in *O'Brien v. Hansell*, No. 09-CV-0629, 2010 WL 1371366, at *4-*7 (E.D.N.Y. Mar. 31, 2010).

court review the agency's determination. *See, e.g.*, *Beattease v. Washington Cnty. Support Collection Unit*, 92 A.D.3d 1037, 1038 (2d Dep't 2012) (noting that applicant for relief should commence an Article 78 proceeding after exhausting his remedies before the SCU).

Here, even if the Court assumes that Plaintiff's property was seized without notice or opportunity to challenge the seizure before it occurred, those facts alone do not give rise to a due process claim. State law, specifically, Section 52 of the CPLR, provides due process to child support debtors facing seizure or garnishment. If a city or state employee or agency failed to comply with state law, such an omission would constitute a random and unauthorized deprivation of property, but that deprivation does not constitute a procedural due process violation as long as the state provides an adequate postdeprivation remedy.

The complaint is silent as to whether Plaintiff took advantage of the state-court remedies available to child support debtors. His reference to a five-day timeframe, however, suggests that Plaintiff was aware of a process to challenge the Enforcement Office's collection proceeding. In any event, the fact that those remedies were available to him defeats his due process claim. Plaintiff therefore fails to allege a violation of his right to procedural due process, and the Court dismisses this claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

E.    **Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

SO ORDERED.

Dated:   July 9, 2020
         New York, New York

                                                          *Louis L. Stanton*
                                                           Louis L. Stanton
                                                              U.S.D.J.